## STATE *vs.* E. G. STEVENS.

January Term, 1897.

Present:  TAFT, ROWELL, TYLER, MUNSON and START, JJ.

*Set-Line—Judicial Knowledge—V. S. 4592.*

The construction of a statute involving the meaning of words used therein, is not a question of fact, but of law.

If a word used in a statute is technical, it is for the court to inform itself of its meaning by inquiry of experts or reference to books or documents, or by any other means deemed advisable.

A common fishing line, with one hook attached, fastened to some object on shore, is not a set-line within the meaning of V. S. 4592.

INDICTMENT for using a set-line, under V. S. 4592.   Plea, not guilty.   Trial by jury at the September Term, 1896, Orleans County, *Ross*, C. J., presiding.   Verdict, guilty, and sentence.   The respondent excepted.

Upon trial the respondent offered to show, as matter of fact by witnesses and by dictionary definitions that the lines

used were not set-lines and excepted to the ruling of the court excluding the evidence. At the close of the testimony he moved for a verdict in his favor and excepted to the denial of his motion. He also excepted to the charge that the lines described by the State's evidence were set-lines.

*B. F. D. Carpenter* and *E. A. Cook* for the respondent.

"Set-line" is a technical term and means a line from which shorter lines, with hooks attached, are suspended, well calculated for the wholesale slaughter of fish. The lines used by the respondent were not such but were rather "tended" lines. V. S. 4583.

The offered evidence should have been received. It was proper to be considered by the jury, if not by the court. I Green. Ev. (13 ed.) 324, 333.

*O. S. Annis*, State's Attorney, for the State.

It was for the court to say what constituted a set-line. Bish., Stat. Cr. (2 ed.) § 71.

The motion for a verdict was properly overruled and the jury were properly instructed, for the lines used were set-lines. V. S. 4592; *Adams* v. *Sleeper*, 64 Vt. 544; Endlich, Interp. St. § 252; *Lau Ow Bew* v. *U. S.*, 144 U. S. 47.

TAFT, J. The respondent was indicted under V. S. § 4592 which provides that if a person use or furnish for use for fishing, a set-line in the waters of this State, he shall be fined. The respondent is charged with using for fishing a set-line in Willoughby Lake in Westmore in May, 1896. The facts shown upon trial in reference to the acts of the respondent were not disputed. He was fishing in the lake and had five lines extended into the waters with one hook upon each, the lines being fastened to some object upon the bank of the lake.

The case turns upon the construction and meaning of the term "set-line" as used in the statute. The question presented is, was the court correct in holding that the lines in question were set-lines?

The construction of a statute involving the meaning of words used therein is not a question of fact, but one of law.

What was meant by the term "set-line" as used in the statute was a question for the court. There is no statutory definition of it.

If a word in a statute is of common import the court may understand it without further knowledge, but if the word is not of common use or has a technical meaning the judge may refer to persons who have knowledge upon the subject, or consult documents or books of reference containing information thereon. If the terms are words of art and science, their meaning may be found by consulting experts in such art and science. In fact the trial judge may take such means as he deems advisable to inform himself upon the subject and enable him to give in his instructions to the jury the proper construction and definition of the words used in the statute.

Did the court err in holding the lines were set-lines?

Writers upon the subject of fishing state that a "set-line" is "a line with baited hooks fastened to it set or anchored for taking fish," Stan. Dic. 1638; and "a line to which a number of baited hooks are attached and which, supported by a buoy, is extended on the surface of the water." 4 Encyc. Dic., 4216. And further, "fishing lines may be classed as hand lines and set-lines, long lines or trawls. These three names are applied to long lines having attached to them at regular intervals lines armed with hooks. At either end is an anchor to hold the trawl in place, furnished also with a line and buoy to indicate its position." 3 Johns. Univ. Cyc., 390.

In describing fisheries in 9 Encyc. Brit. 256, an instance is given of a set-line about eight miles long with four thousand six hundred and eighty hooks attached.

The statute not only forbids the *use* for fishing of pound-nets, trap-nets, seines, gill-nets, set-nets, fykes, set-lines and fishing otters or trawls, but prohibits the *furnishing* of

them for that purpose. Hence if a man has one of these things he cannot loan it to a neighbor for such use. Each of these articles is a specific thing; the name designates what it is. It is fairly inferable from this language that the term "set-line" denotes a fishing line of a certain kind, or species, its character not depending upon the manner of its use, and not a common fishing line with one hook attached, which becomes a "set-line" if tied to some object on the shore.

The language of V. S. § 4583, countenances this construction of the statute, for by that section a penalty is imposed upon certain fishing, except fishing through the ice with not more than fifteen tended lines. This would indicate that a line with a single hook fastened to any object upon the banks or upon the ice, such a line as the respondent was using, is what is meant as a tended line and not a set-line.

The ruling should have been that the lines were not set-lines.

> *Exceptions sustained, judgment and sentence reversed and cause remanded.*